In the Matter of the Claim of MARGARET PRICE, Appellant, against MERGEN=THALER LINOTYPE COMPANY and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Thomas Price was found dead at the bottom of an elevator shaft in the building in which he was employed as assistant engineer, working from four P. M. until midnight. There was difficulty with the elevator, and it was left at the fifth floor of the building; the door to the elevator shaft on the ground floor was opened by means of a key which was kept in a place unknown to any one except the elevator operator and the foreman. Decedent was not supposed to have known where the key was, and the employer had no knowledge that he did know. At nine-fifteen P. M. the door to the elevator at the ground floor was found open and the decedent found in the pit of the elevator shaft dead, and the key was found with him. Decedent had been instructed by his superior not to make any use of the elevators whatever. The Board has found that the decedent had secured the key surreptitiously and opened the elevator shaft and fell through, and that he did this in violation of the rule of the company. These findings of fact were justified by the evidence. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffer+nan, JJ.

In the Matter of the Claim of RAYMOND W. MCDONALD, Respondent, against BELLE TERRE LODGE and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— An employee of a summer hotel ate all of his meals in the hotel. He and six other employees, who also ate there, each contracted typhoid fever. The Board was justified in drawing the inference that the claimant contracted the disease from food supplied by the hotel, and that his disablement was contracted in the course of his employment and arose therefrom. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, McNamee and Heffer+nan, JJ., concur; Crapser, J., dissents and votes to reverse the award and to dismiss the claim.

In the Matter of the Claim of ROSE WOLF, Respondent, against HOTEL GRAMERCY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Deceased workman, while making electric repairs in a store owned by the Hotel Gramercy, received injuries resulting in his death. Appellants contend that decedent was an independent contractor. The proof discloses that decedent's duties were performed under the supervision of the owner or manager of the hotel. The evidence sustains finding of Board that he was an employee. Appellants also question wage rate. They raised no such question on hearings before the Industrial Board and failed to object to the reception in evidence of certified payrolls of three other workers who worked substantially the whole year immediately preceding the accident. At no time did appellants offer any proof as to the actual earnings of decedent. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Hefferhan, JJ.